ELSIE C. BROWN v. EDWARD I. BROWN.[1]

January 27, 1928.

No. 26,716.

**Writer of prohibition.**

Alternative writ of prohibition obtained by aunt of child whose mother had removed him from jurisdiction of the district court which had divorced his parents and ruled upon his custody, when the court ordered relator to show cause why she should not be adjudged guilty of contempt for aiding the mother—*Held*: (1) Writ of prohibition issues to a lower court only when that court is exceeding its jurisdiction; (2) district court had jurisdiction both of the person and the subject matter; (3) and there was no ground for issue of the writ when the court had not held respondent for contempt. [Reporter]

Divorce, 19 C. J. p. 349 n. 19.
Prohibition, 32 Cyc. p. 605 n. 34; p. 620 n. 35.

Alternative writ of prohibition on the relation of Stephanie I. Schulz to the district court for Ramsey county, Bechhoefer, J. to restrain it from proceeding further in contempt proceedings against her. Writ discharged.
*Essie W. Williams,* for relator.
*Dodge & Palmer,* for defendant Edward I. Brown.

[1]Reported in 217 N. W. 494.

PER CURIAM.

The district court of Ramsey county rendered a judgment divorcing Elsie C. Brown from her husband, Edward I. Brown, and giving to the mother the custody of their child, David E. Brown, five years of age, but giving to the father the right to visit the child and to have his custody temporarily at certain times specified therein. Thereafter the mother procured a passport to visit England, France and Germany, and disappeared with the child.

Upon affidavits presented by the father, the court issued an order requiring Stephanie I. Schulz, a sister of the mother, to show cause why she should not be adjudged guilty of contempt of court for the part she had taken in removing the child beyond the jurisdiction of the court and in concealing his whereabouts. She made a motion to dismiss the proceeding on the ground that the facts stated in the affidavits were not sufficient to constitute a contempt of court. The court denied this motion and set the date for a hearing at which the parties are to submit their evidence. Thereupon Miss Schulz procured an alternative writ of prohibition from this court requiring the district court to show cause why a writ of prohibition should not issue restraining that court from proceeding further in the matter. The foregoing facts as well as others appear from the record presented.

That the district court has jurisdiction of both the person and the subject matter and also jurisdiction to determine the questions presented or to be presented is beyond question. A writ of prohibition issues to a lower court only when that court is exceeding its jurisdiction. Here the court is acting within its jurisdiction, and there is no ground for the writ. The court has not yet decided whether the relator should be held for contempt. When it does, if the decision is not justified by the facts, the remedy is by appeal.

The alternative writ is discharged.